## WILLIAMS *et al. v.* TUTT *et al.*

**Fraud.** The finding of the lower court that a deed to land was obtained by the fraud of the grantee, and that a purchaser from the latter took with notice of such fraud, affirmed.

*Appeal from Osage Circuit Court.*—HON. A. J. SEAY, Judge.

AFFIRMED.

Plaintiffs' petition in substance charges: That plaintiffs, Frances and Alvin Williams, are husband and wife; that prior to March 1, 1879, defendant, Samuel Tutt, by repeated misrepresentations that Frances A. Williams (then Frances A. Cavenaugh) was about to be indicted or prosecuted for permitting a man to remain on her place without paying his board, in and by representing to her, said Frances, that under certain "new statutes" in this state, she was liable to be prosecuted and punished, and by repeated and earnest representations that it was necessary for her safety that she should leave the state and put her property out of her hands, and by working upon her fears by such constant, earnest and repeated representations, and by preventing her from consulting her neighbors, by assuring her that such neighbors were on the grand jury, did, about the first day of March, 1879, obtain from said Frances a deed to one hundred and twenty-five acres of land in Osage county, Missouri, to-wit: Southeast quarter of southeast quarter of section ten and north half of northeast quarter of section fifteen,

township forty-four, range nine, and also her bill of sale for two hundred or three hundred dollars' worth of personal property.

Plaintiffs further state that the father of Samuel Tutt was her tenant, living upon her farm with his family, and that said Samuel had won her confidence by his pretense of great esteem for herself and her children ; that he took said deed with the promise, agreement and understanding that when he could find a purchaser for said land, he would sell it and send the money to her and also the proceeds of the sale of the personal property, and that he paid no consideration whatever for the same, but was to have one hundred dollars for attending to said business for her. That on January 14, 1880, said Samuel Tutt made a deed of trust to Henry Haslag, as trustee, to secure a sum of money, about four hundred dollars, borrowed by him of Theodore Heinen, on said land. That on June 1, 1880, Tutt made a deed for said lands to Heinen for about six hundred dollars ; that they were really worth about $1,500. That Tutt for years had been blind, crippled and a county pauper, supported and educated at the expense of Osage county, and Heinen knew these facts, and also knew that Tutt had paid plaintiff nothing for the lands, and had received the deed only in order that he might prove the title thereto to some purchaser thereof, and that he had no right to mortgage or encumber the same, and that it was a fraud in him to make said mortgage. That Heinen and his legal adviser knew all these facts, but held that if the record showed a legal title in Tutt, Heinen could get the land by loaning him four hundred dollars on it, knowing that Tutt could never repay the same, and that said Frances was out of the state, and that said loan was fraudulently made for that purpose. The petition prayed that the mortgage and the other deed by her to Tutt be decreed to be fraudulent and void, and that the title to the lands be vested in her and that it be decreed that

Heinen convey said lands to her and for other proper relief.

Defendant Tutt filed his answer controverting the averments of the petition, and the court having found against him he did not appeal. Defendant Heinen made a separate answer, stating therein that on June 1, 1880, he purchased the land from Tutt for a valuable consideration; that as to the manner Tutt obtained his title he had no knowledge, except what was derived from plaintiffs' deed to Tutt. He admits the mortgage; says it was given to secure the four hundred dollars loan, and denies any knowledge of the contract of purchase between Tutt and plaintiff, or of any statement made by the former, or of any fear of plaintiff produced by said Tutt, or that he had any knowledge of the fact that Tutt was poor or supported by the county; says that he inquired of the clerk of the circuit court of Osage county and *ex-officio* recorder of deeds, and was advised that the title to said lands was good, and that the taxes were paid. Defendant further denied all the allegations of the petition, except as above stated.

Each side offered evidence in support of the allegations of their pleadings. The court found that the deed of March 1, 1879, by plaintiff to Heinen, was procured by fraud; that Heinen had notice of this fraud when he received from Tutt the deed of June, 1880. The court also found that the evidence was not sufficient to establish notice of any fraud against Heinen, when he loaned the money secured by the mortgage dated January 14, 1880. The absolute deeds from plaintiff to Tutt and Tutt to Heinen were accordingly set aside, while the mortgage was permitted to stand. Heinen prosecuted his appeal, and complains of the action of the court in setting aside the above deeds.

*Edwin Silver* and *R. S. Ryors* for appellant, Heinen.

(1) The petition fails to state a cause of action either

of duress or legal fraud. *Bakewell v. Salilein*, 9 Mo. App. 558; *Harmon v. Harmon*, 61 Me. 229; *Radich v. Hutchins*, 95 U. S. 213; *Jenkins v. Long*, 19 Ind. 28; *Slaughter v. Gerson*, 13 Wall. 379. No principle is better settled than that every person is presumed to know the law, both civil and criminal, and no one can, therefore, complain of the misrepresentation of another respecting it. *Reed v. Sidner*, 32 Ind. 373; *Fish v. Clelland*, 33 Ill. 238; *Burt v. Bowles*, 69 Ind. 1. In an action for a fraudulent misrepresentation, the representation must have reference to a past or present state of things. *Stocking v. Howard*, 73 Mo. 25; *Gallager v. Brund*, 6 Cow. 345; *Gage v. Lewis*, 58 Ill. 604; *Burt v. Bowles*, 69 Ind. 1. (2) The representation charged in the petition to have been made by Tutt, that plaintiff was liable to indictment and would be indicted for keeping a man on her place without charging him board whether actually made or not, was so palpably absurd and ridiculous that no one, whether male or female, possessing the least conceivable amount of sense, could possibly have been misled thereby. In such a case no relief will be granted. Story's Eq. Jur. (11 Ed.) sec. 199; Bispham's Eq. 270; *Ins. Co. v. Reed*, 23 Ohio St. 292; Bouvier's Dict., *Fraud*. (3) The alleged misrepresentation was at most as to a matter of law and plaintiff can have no relief therefrom. *Burt v. Bowles*, 69 Ind. 1; *Reed v. Sidner*, 32 Ind. 373; *Fish v. Clelland*, 33 Ill. 238. (4) A party cannot set up his own fraud as a ground for relief. *Hamilton v. Scull*, 18 Mo. 166; *Bell v. Greenwood*, 21 Ark. 250. (5) Plaintiff's only remedy is an action against Tutt for the proceeds of the sale of the land wrongfully withheld by him. The right to disaffirm a contract for fraud must be exercised promptly and the disaffirmance must be *in toto*. *Estes v. Reynolds*, 75 Mo. 573. (7) Heinen was an innocent purchaser for a valuable consideration and is protected on that ground. *McNeill v. Jordan*, 28 Kan. 7; *Trigg v. Taylor*, 27 Mo. 245; *Bank v. Armstrong*, 62 Mo. 67; *Whitlemore v.*

*Obear*, 58 Mo. 278 ; *Somers v. Breller*, 2 Pick. 184 ; *Deputy v. Stapleford*, 19 Cal. 302 ; *Weaver's case*, 42 Ia. 343.

*Hamilton & Fisher* and *N. C. Kouns* for respondents.

The mortgage and deed of trust were both procured by Tutt from plaintiffs through fraud. And the evidence shows that Heinen had knowledge of such facts as put him on inquiry as to the title he acquired, and that he failed to avail himself of the opportunity to make such inquiry and he will, therefore, not be protected. "Where a purchaser has knowledge of any fact sufficient to put a prudent man upon inquiry, which, if prosecuted with ordinary diligence, would lead to actual notice of some right, or title, in conflict with that he is about to acquire, it is his duty to make the inquiry, and if he does not make it he is guilty of bad faith or negligence to such an extent that the law will presume that he made it, and will charge him with the actual notice he would have received if he had made it." *Cambrige Valley Bank v. Delano*, 48 N. Y. 326 ; Wade on Notice, secs. 10, 17, 36 ; 47 Mo. 304 ; 40 Mo. 405 ; 64 Mo. 507.

PER CURIAM.—The evidence fully sustains the finding of the court, viz.: that Tutt procured the deed from Mrs. Williams by fraud. That Heinen lent the money to Tutt, and took a mortgage to secure its payment, without knowledge that the deed to Tutt from Mrs. Williams was procured by fraud. That when Tutt sold him the land and made him a deed conveying it to him, Heinen had notice of the fraud by which Tutt had procured the deed from Mrs. Williams.

There was no foreclosure of the mortgage, but the land was sold and conveyed to Heinen by Tutt after the execution of the mortgage. The court by its decree set aside the deed from Tutt to Heinen, and that from Mrs. Williams to Tutt, and reinvested Mrs. Williams with the

title to the land subject to the mortgage, and, we think, that by the decree exact justice was meted out to the parties to this cause, and the judgment is affirmed.